# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Elbert Lee Epps, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | C/A No. 6:12-787-MGL-KFM |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Debbie Cooper, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Elbert Lee Epps ("Plaintiff"), is a state prisoner in the Ridgeville Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC") in Ridgeville, South Carolina, proceeding *pro se* and *in forma pauperis*. On March 21, 2012, Plaintiff filed his Complaint (ECF No. 1), pursuant to 42 U.S.C. § 1983, naming RCI Nurse Debbie Cooper as the sole Defendant, and alleging that she violated Plaintiff's civil rights through her deliberate indifference to Plaintiff's serious medical needs.[1] The Complaint should be dismissed for failure to comply with a court order, under Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 41 (b)"), and for failure to effect service of process on Defendant within the time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 4(m)").[2]

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Fed. R. Civ. P. 4(m) states as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a reasonable time. . . .

**BACKGROUND**

Along with his Complaint, Plaintiff submitted incomplete and incorrect proposed service documents. By Order dated March 21, 2012 (ECF No. 10), the undersigned gave Plaintiff a specific time frame in which to bring this case into proper form for evaluation and possible service of process by submitting correct, complete proposed service documents for Defendant. Plaintiff was warned that failure to provide the necessary documents to bring the case into proper form within the timetable set forth in the Order would subject the case to dismissal pursuant to Fed. R. Civ. P. 41. *See* ECF No. 10, p. 1.

On April 9, 2012, Plaintiff submitted proposed service documents; however, the summons and Form USM-285 listed Defendant's address as "SCDC General Counsel, 4444 Broad River Road, Columbia, SC 29201." *See* ECF No. 15. Under Rule 4(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 4(e)"), service of process in this case must be accomplished by "delivering a copy of the summons and of the complaint to the individual personally." *See* Fed. R. Civ. P. 4(e)(2). Therefore, Defendant Debbie Cooper, who is being sued individually in her capacity as Nurse at Ridgeland Correctional Institution, must be served individually. SCDC is not named as a defendant in this case, and SCDC's General Counsel is not authorized to accept service of process for Defendant Debbie Cooper.

On April 10, 2012, the undersigned issued a second proper form Order (ECF No. 18), allowing Plaintiff an additional period of time in which to submit correct, proposed service documents. On April 23, 2012, Plaintiff substantially complied with the Court's

Order, submitting a summons and Form USM-285 for Defendant Debbie Cooper, addressed to Defendant at RCI. *See* ECF No. 15. On April 23, 2012, the undersigned issued an Order (ECF No. 23) authorizing service of the summons and Complaint on Defendant. However, on June 25, 2012, Plaintiff's summons, Form USM-285, and Complaint were returned to the Court un-executed by the United States Marshals Service, with a notation that "Ridgeland CI . . . state[s] Debbie Cooper no longer works at RCI; no further info." *See* ECF No. 29.

On June 25, 2012, the undersigned issued a third Order (ECF No. 32), directing Plaintiff to provide to the Clerk of Court, within twenty (20) days of the date of the Order, an updated summons and Form USM-285 with Defendant Debbie Cooper's current, correct address for service of process. One (1) blank summons form and one (1) blank Form USM-285 were attached to the Order, for Plaintiff's use. The Order advised Plaintiff that it is his responsibility to provide sufficient, accurate, and complete information on the summons and Form USM-285 for service of process on Defendant Debbie Cooper. The Order also directed Plaintiff's attention to Fed. R. Civ. P. 4(m) and relevant case law, which provide that unless a defendant is served within 120 days after a complaint is filed, the court must dismiss the action against the defendant, without prejudice, unless the plaintiff shows good cause for the failure to serve the defendant.

The Order of June 25, 2012 (ECF No. 32), was mailed to Plaintiff at the address Plaintiff provided to the Court, which is the correct address for RCI, *i.e.* Post Office Box 2039, Ridgeland, South Carolina 29936. Plaintiff failed to respond to the Order, and the time for responding lapsed on July 16, 2012. The mail in which the Order was sent to Plaintiff has not been returned to the Court. Thus, the undersigned presumes that Plaintiff

received the Order, but has been unwilling or unable to comply with it within the time permitted under the Order. Consequently, this case is subject to dismissal, pursuant to Fed. R. Civ. P. 41, based on Plaintiff's failure to comply with a court order. The case is also subject to dismissal without prejudice, pursuant to Fed. R. Civ. P. 4(m), because more than 120 days have elapsed since the filing of Plaintiff's Complaint, without service of process upon Defendant.[3]

**RECOMMENDATION**

Plaintiff has failed to comply with an Order of this Court and failed to effect service of the Complaint upon Defendant within 120 days of filing his Complaint. Therefore, the case should be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4(m). Plaintiff's attention is directed to the important notice on the next page.

July 20, 2012                                            s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

---

[3] Plaintiff's Complaint was filed on March 21, 2012. The 120-day time period for service of process upon Defendant pursuant to Fed. R. Civ. P. 4(m) expired on July 19, 2012.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).