IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Elbert Lee Epps, | ) | Civil Action No.: 6:12-cv-787-MGL-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Debbie Cooper, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Elbert Lee Epps ("Plaintiff") is a state prisoner in the Ridgeville Correction Institution ("RCI") of the South Carolina Department of Corrections ("SCDC") in Ridgeville, South Carolina proceeding *pro se* and *in forma pauperis*. On March 21, 2012, Plaintiff filed a Complaint (ECF No.1), pursuant to 42 U.S.C. § 1983 naming RCI nurse Debbie Cooper as a sole defendant and alleging that she violated Plaintiff's civil rights through her deliberate indifference to Plaintiff's serious medical needs. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

On July 20, 2012, Magistrate Judge McDonald issued a Report and Recommendation ("Report") recommending that the case be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4 (m) for failure to comply with an order of the Court and failure to effect service of the Complaint upon the Defendant within 120 days of filing his Complaint. (ECF No. 38.) Plaintiff submitted incomplete and incorrect service documents with his Complaint, thus, by Order dated March 21, 2012, the Magistrate Judge gave Plaintiff additional time to bring the case into proper form for evaluation and service. (ECF No. 10.) Plaintiff submitted proposed service

documents thereafter, however, these documents were not in proper form to serve Defendant Debbie Cooper sued in her individual capacity as a Nurse at RCI.  (ECF No. 15.)  Consequently, the Magistrate Judge issued a second Order providing Plaintiff with additional time to submit correct proposed service documents. (ECF No. 18.)  Once Plaintiff substantially complied with the Court's Order, the Magistrate Judge issued an order (ECF No. 23) authorizing service of the summons and Complaint, however, the summons was returned unexecuted by the United States Marshals Service. (ECF No. 29.)  The Magistrate Judge then issued a third Order (ECF No. 32) directing Plaintiff to provide the Clerk of Court with updated service documents within twenty days of the date of the Order and directed Plaintiff's attention to Fed. R. Civ. P. 4(m) and relevant case law regarding effectuating service.  Plaintiff failed to respond or otherwise comply with the Order.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.  Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 38 at 5.) However, he has not done so.  In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 27, 2012